CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES CARROLL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:25CV00420 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **HEAD NURSE TOWNSEND,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Charles Carroll, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant, a prison nurse, refused to provide him access to a doctor for his back pain. He seeks monetary damages. Carroll has applied for in forma pauperis status under 28 U.S.C. § 1915(b), which would allow him to pay the filing fee through installments. After review of his pleadings, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to

prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Court records indicate that Carroll has brought such actions or appeals on three or more prior occasions. *See, e.g., Carroll v. Barker, No.* 7:14CV00005 (W.D. Va. Jan 3, 2014) (dismissed under §1915A(b)(1) as frivolous); *Carroll v. Messer,* 7:15cv00109 (W.D. Va Apr 7, 2015) (dismissed under §1915A(b)(1) as frivolous); *Carroll v. Scarberry,* No. 7:15CV00702; (W.D. Va. Feb. 8, 2016) (dismissed under § 1915A(b)(1) as frivolous). Accordingly, Carroll may proceed without prepayment of the filing fee only if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the

conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

I cannot find that Carroll has alleged facts showing that he was in imminent danger of serious physical harm under § 1915(g) when he filed his complaint in late March 2025. According to Carroll's own allegations, the defendant assessed him on March 23, 2025, and decided at that time his condition did not require a doctor's care. Carroll does not describe the symptoms the defendant observed or offer any details about his back condition except to allege he has chronic back pain. Nor does he state what his condition was or what medical care he believes he needed when he filed this Complaint in June 2025. Thus, I conclude that Carroll's allegations do not support a finding of the required level of imminent physical injury to meet the exception under § 1915(g).

In the alternative, I find that Carroll's complaint fails to state a claim upon which relief could be granted, warranting its summary dismissal under 28 U.S.C. § 1915A(b)(1). Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan do not support a finding that a defendant acted with

deliberate indifference.  *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) (holding that "[q]uestions of medical judgment are not subject to judicial review").

Carroll alleges, at most, that he disagreed with the defendant's decision that his condition did not require referring him for an appointment with a doctor in March 2025.  He does not allege that the defendant ignored his medical condition or failed to provide him treatment, such as pain medication.  Mere disagreements over the course of medical treatment provided, which are essentially challenges to the nurse's medical judgment, cannot support a constitutional claim actionable under § 1983.  *Id.*

For the stated reasons, I cannot find that Carroll is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g).  Accordingly, I must deny his application to proceed in forma pauperis under § 1915(g).  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.  In the alternative, the case will be dismissed under § 1915A(b)(1) for failure to state a claim.

A separate Final Order will be entered herewith.

    DATED:  November 17, 2025

    /s/  JAMES P. JONES
    Senior United States District Judge